UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES O. JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-243 JD |
| | ) |
| DEPUTY LINDZY, et. al., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

James O. Jenkins, a *pro se* prisoner, filed a complaint against Saint Joseph County Jail officials, claiming he is being housed in inadequate conditions at the jail. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, a plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Jenkins is an inmate housed at the St. Joseph County Jail. He complains about three conditions of confinement there. First, he is not allowed to select what books he receives from the "book cart." Instead, books are selected randomly and then given to inmates. Jenkins wants

to select what books he reads. Second, Jenkins takes issue with the television at the jail. He is not able to change the channel or adjust the volume, and the televisions are not equipped with cable access. Finally, Jenkins points out that he does not have access to a microwave or hot pot. As a result, he is forced to cook noodles with lukewarm water.

The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Constitution does not mandate comfortable prisons. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "[P]rison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment," *Dixon v. Godinez*, 114 F.3d 640, 642, (7th Cir. 1997), citing *Farmer v. Brennan*, 511 U.S. at 833-834, and conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971); *Del Raine v. Williford*, 32 F.3d 1024, 1050 (7th Cir. 1994) (Manion, J. concurring). The conditions alleged by Jenkins simply cause inconveniences and discomfort or make confinement unpleasant, but they do not rise to the level of constitutional violations.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED.

ENTERED: May 30, 2017

                                                  /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court